## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANNE HECK,                          :
                                    :
          Plaintiff,                :        No. 1:10-cv-1675
                                    :
          v.                        :        Hon. John E. Jones III
                                    :
MEMORIAL HEALTH SYSTEMS d/b/a       :
MEMORIAL HOSPITAL,                  :
                                    :
          Defendant.                :

## MEMORANDUM & ORDER

### August 20, 2012

Presently pending before the Court in this matter is the Motion for

Spoliation Sanctions (doc. 88) filed by the Defendant, Memorial Health Systems

d/b/a Memorial Hospital ("Memorial"). Therein, Memorial seeks preclusion of all

evidence related to Plaintiff's attempt to find replacement employment from May

2009 through the present, in addition to an award of costs and attorneys' fees

incurred in the filing of the instant Motion. (*Id.*). For the reasons stated herein, we

will deny the Defendant's Motion.

## I.    INTRODUCTION & BACKGROUND

Plaintiff Anne Heck ("Plaintiff") commenced the above-captioned action

with the filing of a Complaint (doc. 1) on August 11, 2012. Therein, Plaintiff sets

forth several causes of action pursuant to the Americans with Disabilities Act ("ADA") alleging that Memorial failed to accommodate her disability and retaliated against her for the same. (*Id.*). Among other damages, she seeks both back pay and front pay, relating back to the date on which she was asserts she was constructively discharged. (*Id.*). Memorial pled as an affirmative defense that the Plaintiff has failed to mitigate any such damages. (Doc. 21, p. 31, ¶ 9).

On March 18, 2011, Memorial served Plaintiff with its first set of Requests for Production of Documents which sought, *inter alia*:

> All documents that relate or refer in any way by you to obtain employment from January 1, 2009, to the present, (excluding Memorial) including, but not limited to, advertisements reviewed, advertisements responded to, employment agencies contacted, applications made, resumes submitted, interviews obtained, resumes, forms, correspondence, notes, and/or memoranda.

(Doc. 89, Ex. A, Request for Production No. 15). Plaintiff served her responses on May 5, 2011. (*Id.* Ex. B). In response to Request No. 15, Plaintiff produced a copy of her personal calendar for the months of January through May 2011, where she handwrote the places of employment where she allegedly submitted applications. (*Id.* Ex. C, Plaintiff's Deposition).

During her deposition on May 18, 2011, Plaintiff admitted that the personal calendar did not fully reflect her attempts to obtain employment following her

May 2009 separation from Memorial. (*Id.* Ex. D, p. 139-40). Plaintiff explained that she began looking for positions in the fall of 2009, but "was not aware at the time that [she] needed to document or journal them." (*Id.* p. 139). She stated that she did calendar her various applications throughout 2010, but that she lost that calendar approximately two weeks prior to her deposition. (*Id.* p. 116). In response to Memorial's request on July 2, 2012 querying whether the Plaintiff intended to supplement her response to Request No. 15, Plaintiff's counsel represented that Plaintiff had no further documents to produce regarding her employment search.

On July 18, 2012, Memorial filed a Motion in Limine (doc. 68) to preclude reference to Plaintiff's wage loss claims, contending that no evidence in support of that claim existed. In response, Plaintiff argued that she would offer testimony in support of her job search efforts. (Doc. 83, p. 7). The Court denied this motion during the pretrial conference, concluding that the same was nothing more than a ill-disguised and untimely motion to dismiss the Plaintiff's entire wage loss claim. On July 27, 2012, Memorial filed the instant Motion for Sanctions for Spoliation (doc. 88), contending that the Plaintiff failed to preserve relevant evidence.

## II.   DISCUSSION

As a threshold matter, we note that the parties seemingly conflate the issues of whether spoliation occurred and whether spoliation sanctions are warranted.

3

The Third Circuit has distinguished the tests to be applied by district courts in making both determinations. "Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. U.P.S.*, 665 F.3d 68, 73-74 (3d Cir. 2012). However, a finding that spoliation occurred does not necessarily require an award of spoliation sanctions. The sanctions analysis requires balancing of the following factors: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and, where the offending party is serious at fault, will serve to deter such conduct in the future." *Id.* at 73 n.5. We thus first query whether spoliation occurred in this case.

Two factors are easily satisfied. Plaintiff stated during her deposition that she has applied for more than fifty different positions. Thus, application materials, advertisements, and other documents including resumes, notes, and correspondence were necessarily within the Plaintiff's possession and control at

some point during her employment search.[1] The same is true, for example, of

advertisements reviewed in newspapers, or resumes mailed out, which were

likewise at some point within the Plaintiff's control. The second element is

likewise easily fulfilled: the evidence directly supports Plaintiff's contention that

she tried, but failed, to obtain employment in aid of mitigating her damages.

    In support of the third and fourth elements of our analysis, Memorial asserts

that Plaintiff has consistently—and continues to—engage in the "actual

suppression or withholding of evidence" by applying for vacant positions while

knowingly failing to preserve evidence. It contends that she has purposefully and

deliberately attempted to spoliate evidence by failing to preserve or disclose any

documentation or other evidence related to her job search, aside from her personal

calendars for each year—one of which she reports is now lost. It is here that our

agreement with Memorial's analysis ends.

    The Third Circuit has held that "a finding of bad faith is *pivotal* to a

------

[1] Plaintiff's argument in opposition to this conclusion is borderline disingenuous. Plaintiff contends that because she did not have a printer attached to her computer to create a tangible, physical copy of the applications, she did not have control over the documents and thus cannot be held responsible for failure to preserve them. The mere fact that Plaintiff did not have the ability at her home to create tangible copies of these documents does not negate the fact that such documents could have been electronically store or mailed, or printed at any one of a number of commercial copying or printing services throughout discovery. As Memorial notes, the Plaintiff's argument would permit parties to escape discovery simply by never creating a physical copy of an electronically-stored document. The absurdity of such a rule begs no further discussion.

spoliation determination." *Bull*, 665 F.3d at 79 (emphasis added). Memorial has failed to demonstrate to this Court that the Plaintiff's actions in choosing to document her employment search on a personal calendar and her subsequent accidental loss of one of those calendars were actions taken in bad faith or in an attempt to thwart the judicial system. Plaintiff stated at her deposition that the calendar had merely been misplaced, and that she did not keep detailed records of her job applications, such as printed records or copies of newspaper advertisements, because she "was not aware at the time that [she] needed to document or journal them." (Doc. 89, Ex. D, p. 139).

The purpose of spoliation sanctions is to adequately deter evidentiary misdeeds by parties and to remedy prejudice to the moving party cause by the opposing party's injudicious behavior. *See Bull*, 665 F.3d at 73-74. Memorial has demonstrated to this Court no degree of fault on the part of Plaintiff warranting such draconian a punishment as exclusion of all evidence related to a substantial portion of her discrimination claims. We thus conclude that spoliation sanctions are not warranted and will deny the Defendant's Motion.

## III.   CONCLUSION

For all of the above reasons, the Court will deny the Defendant's Motion for Sanctions for Spoliation (doc. 88).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Sanctions for Spoliation (doc. 88) is **DENIED** in its entirety.


/s John E. Jones III
John E. Jones III
United States District Judge